**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.G., B.S., and T.J.**

**No. 19-0420** (Nicholas County 18-JA-74, 18-JA-75, and 18-JA-76)

**MEMORANDUM DECISION**

Petitioner Mother H.S., by counsel James R. Milam II, appeals the Circuit Court of Nicholas County's April 4, 2019, dispositional order terminating her parental rights to M.G., B.S., and T.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Denise N. Pettijohn, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court abused its discretion in denying her motion to continue the dispositional hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner tested positive for oxycodone, THC, and amphetamines during the time her children were in her care. The petition further alleged that petitioner regained custody of her children

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner does not specifically challenge the circuit court's termination of her parental rights.

1

approximately six months prior to the filing of the petition and had been receiving services from the DHHR since that time. After the petition's filing, petitioner waived her preliminary hearing.

In July of 2018, the circuit court held an adjudicatory hearing where petitioner stipulated to the allegations of drug abuse contained in the petition. As such, the circuit court adjudicated petitioner as an abusive and neglectful parent. Petitioner moved for a post-adjudicatory improvement period, and the motion was granted without objection. As part of the terms and conditions of petitioner's improvement period, the circuit court ordered petitioner to submit to random drug and alcohol testing, participate in and successfully complete the services provided to her by the DHHR, obtain and maintain employment and safe and suitable housing, and remain drug and alcohol free, among other things.

In October of 2018, the circuit court held a review hearing on the matter. Petitioner moved for an extension of her post-adjudicatory improvement period. The circuit court granted petitioner's motion with the additional condition that she attend, at minimum, a twenty-eight day substance abuse treatment program. Thereafter, the circuit court held another review hearing in January of 2019, where petitioner moved for another ninety-day extension of her improvement period. The guardian ad litem requested that petitioner be set for disposition because she was kicked out of her treatment program for having a cell phone. The circuit court denied petitioner's motion for another extension of her post-adjudicatory improvement period and set the matter for disposition.

In March of 2019, the circuit court held a dispositional hearing. Petitioner was not in attendance, but was represented by counsel. Petitioner's counsel moved for a continuance after petitioner's Child Protective Services ("CPS") worker informed the circuit court that she received a text message from petitioner stating that she lost her transportation to the hearing at the last minute. The circuit court denied petitioner's motion and proceeded with the hearing. Testimony was taken from the CPS worker, petitioner's service provider, the psychologist who conducted petitioner's psychological evaluation, and T.J.'s paternal grandmother. The CPS worker described petitioner's participation in services as noncompliant and inconsistent. The CPS worker testified that in February of 2019, petitioner, who became pregnant during the proceedings, tested positive for methamphetamines. The CPS worker further testified that petitioner failed to fully participate in drug screens and was kicked out of her rehabilitation program for having a cell phone. Additionally, petitioner was accepted into another rehabilitation program on the condition that she provide a release letter from her obstetrician. Petitioner's service provider was scheduled to transport petitioner to the doctor's appointment so that she could receive clearance to enter the rehabilitation program, but petitioner cancelled the appointment. The CPS worker also testified that petitioner admitted to using Suboxone that she purchased illegally while she was pregnant. As such, the CPS worker recommended termination of petitioner's parental rights.

Petitioner's service provider described petitioner's compliance with services as evasive. Specifically, the service provider testified that of the many parenting and life skills sessions that were offered to petitioner, she participated in only three sessions. When petitioner did participate, the service provider testified that petitioner was inconsistent in admitting that she had substance abuse issues that were in need of correction. The service provider further testified that

he offered to assist petitioner with admission to several inpatient treatment programs, but petitioner refused to participate in any program that was more than twenty-eight to thirty days because she did not believe she needed long-term treatment.

The psychologist testified to the results of petitioner's evaluation, which revealed that she has longstanding mental health and substance abuse issues that were intertwined and drove petitioner to seek out abusive relationships. Moreover, the psychologist testified that petitioner struggles with accepting responsibility for her actions and is unable or refuses to acknowledge the impact of her actions on herself and her children. The psychologist further testified that petitioner's prognosis was "very poor" because petitioner lacked insight into her problems, which made them difficult for petitioner to overcome.

T.J.'s grandmother testified that petitioner sent her a text message at 4:00 am and asked her what time the hearing was, and if she could have a ride. T.J.'s grandmother testified that she informed petitioner that she would not provide her transportation to the hearing. T.J.'s grandmother further testified that while she believed petitioner was a good mother, she believed petitioner needed psychological help and did not presently possess the capabilities to care for her children. Based on the evidence presented, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and terminated her parental rights to the children. It is from the April 4, 2019, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]The parental rights of T.J.'s father were also terminated below. According to respondents, the parental rights of M.G. and B.S.'s respective unknown fathers were also terminated below. The children currently reside in the same foster home with the permanency plan of adoption therein.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's sole argument is that the circuit court abused its discretion in denying her motion to continue the dispositional hearing when she was unable to obtain transportation to the hearing.[4] Specifically, petitioner asserts that granting her a continuance to appear and fully participate in the dispositional hearing would not have compromised the best interests of her children. We find petitioner's argument to be meritless. We have previously held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196 W.Va. at 235, 470 S.E.2d at 189 (citing *State v. Judy*, 179 W. Va. 734, 739, 372 S.E.2d 796, 801 (1988)). Here, the circuit court found that petitioner failed to appear for the dispositional hearing without showing good cause. Despite petitioner's awareness that her service provider would provide her transportation to scheduled hearings, petitioner did not contact her service provider to inquire about transportation to the dispositional hearing and did not respond to the service provider's voicemail regarding the same. Moreover, petitioner was represented by counsel throughout the proceedings below and failed to successfully complete her post-adjudicatory improvement period, despite being provided with an extension. Specifically, at the time of the dispositional hearing, petitioner was again pregnant and continued to abuse controlled substances, did not have a job or safe and suitable housing, and failed to complete a twenty-eight-day drug rehabilitation program. While petitioner asserts that granting her a continuance to fully participate in the dispositional hearing would not have been contrary to her children's best interests, this assertion fails to take into consideration the children's needs for permanency and stability. Accordingly, we find that the circuit court did not abuse its discretion in denying petitioner's motion to continue the dispositional hearing.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 4, 2019, order is hereby affirmed.[5]

---

[4]Although unclear from petitioner's brief, it appears that petitioner attempts to argue in support of this assignment of error that the circuit court also violated her due process rights by denying her motion to continue. Specifically, petitioner asserts that she was not afforded a meaningful opportunity to cross-examine witnesses at the dispositional hearing as required by West Virginia Code § 49-4-601(h). However, while petitioner was absent from the hearing, she was represented by counsel, who conducted the cross-examination of the DHHR's witnesses at the dispositional hearing. Moreover, petitioner does not assert that she was not provided with notice of the dispositional hearing. While it is true that parents are afforded an opportunity to be heard, including the opportunity to cross-examine witnesses, petitioner's absence at the dispositional hearing did not violate these requirements.

[5]Additionally, the Court directs the DHHR to undertake an investigation, if one has not already been undertaken, into petitioner's continued substance abuse while pregnant with an additional child during the underlying proceedings. If the DHHR determines that petitioner's conduct in regard to any subsequently born child constitutes abuse and/or neglect, we further

(continued . . . )

Affirmed.

**ISSUED**:  February 7, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

instruct the DHHR to file any necessary petition alleging such abuse and/or neglect and to proceed in accordance with the applicable statutes and rules governing child abuse and neglect proceedings and in furtherance of such child's best interests.

5